UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Yvette R. Balderas, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Massage Envy Franchising, LLC; Envee Estep Enterprises, Inc. dba Massage Envy of Alameda Towne Center; and Does 1 to 10, inclusive,<br><br>　　　　　Defendants. | Case No.: 3:12-cv-06327-NC<br><br>**CLASS ACTION**<br><br>**JOINT STATUS REPORT AND [PROPOSED] ORDER REGARDING DISCOVERY AND SCHEDULE FOR MOTION FOR CLASS CERTIFICATION** |

　　　The parties respectfully submit this Joint Status Report and [Proposed] Order Regarding Discovery and Schedule for Motion for Class Certification.

　　　1.　**Brief Description of This Matter.**  This is a putative class action lawsuit brought on behalf of a proposed class of persons employed as "Massage Therapists" at California *Massage Envy*® franchises.  Defendant Massage Envy Franchising, LLC ("MEF") is the franchisor.  Defendant Envee Estep Enterprises dba Massage Envy of Alameda Towne Center is alleged to own and operate the franchise location where Plaintiff Yvette R. Balderas worked as a Massage Therapist.  Plaintiff alleges that all California franchisees of MEF violated California labor laws by requiring that Massage Therapists fund certain business expenses.  Plaintiff further

alleges that MEF, the franchisor based in Arizona, should be held liable vicariously or as a joint employer of the Massage Therapists due to the alleged control it exercises over its franchisees.

2. **Current Procedural Posture.** Plaintiff filed this action on October 15, 2012, before the Alameda County Superior Court. MEF removed this action to this Court and answered the Complaint. The Clerk thereafter entered a default as to defendant Envee Estep Enterprises. The parties exchanged initial disclosures on April 4, 2013. The parties continue with discovery as noted below.

3. **Existing Schedule Regarding Plaintiff's Anticipated Motion for Class Certification.** On March 21, 2013, immediately following the Court's Initial Case Management Conference, the Court ordered that Plaintiff file her Motion for Class Certification by October 31, 2013; opposition to be filed by November 13, 2013; reply to be filed by November 21, 2013; and scheduled the hearing for December 12, 2013. [DKT #16.] The Court also ordered that the parties appear at a June 26, 2013 Further Case Management Conference.

4. **June 26, 2013 Further Case Management Conference.** At the June 26, 2013, Further Case Management Conference, the Court inquired with counsel whether they remained on track to complete pre-certification discovery with sufficient time to comply with the previously ordered class certification briefing schedule. Counsel for MEF appeared at the conference and relayed that, although they had just founded a new firm, Sacks, Ricketts & Case LLP, and time was needed to transition the case from their prior firm, they believed that MEF would be able to complete its production of documents and engage in all discovery necessary for both parties to prepare for the class certification motion on the existing schedule. Counsel for Plaintiff also desired to attempt to retain the original schedule. Accordingly, the Court kept the existing schedule on Plaintiff's Motion for Class Certification in place, ordered that pre-class certification discovery be completed by September 30, 2013, and advised the parties to submit an additional status report should there be changes that necessitated revisiting the class certification schedule. (*See* June 26, 2013 Order [DKT #30.])

5. **Status of Plaintiff's Discovery.**

a. **Plaintiff's First Set of Requests for Production of Documents**: Plaintiff served her First Set of Requests for Production of Documents on April 25, 2013. After two extensions, MEF served its responses on June 18, 2013, and produced documents in response thereto. Plaintiff then initiated a meet and confer with regard to MEF's responses by letter dated June 27, 2013, in which Plaintiff sought to meet and confer over, *inter alia*, MEF's objections to the scope of fifteen of Plaintiff's document requests. MEF responded by letter dated July 14. Counsel then engaged in a series of teleconferences on July 19, August 9, and then recently on August 20 when counsel reached agreement regarding the scope of the document requests and corresponding review and production. MEF then sent an August 21 letter in which MEF confirmed that it would supplement each of its responses and produce additional documents (to the extent located) in response to each of the fifteen document requests at issue. However, MEF's counsel reiterated to Plaintiff's counsel that the breadth of the discovery sought by Plaintiff and the sheer volume of data for review would create additional delays. MEF explained that delays in document production were also being caused by the transition of MEF's counsel to a new firm, and to changes in management at MEF.

The specific categories of electronic information and the status of the review and production of those files is as follows: (i) the MEF "intranet" available to franchisees sought by Plaintiff – MEF produced this "intranet" on August 23, 2013 (this production included approximately 30,000 pages, MEF002604 – 32702); (ii) training videos available to franchisees on the "*Massage Envy*® University" – MEF is collecting these videos and preparing them for production; (iii) .pst files containing electronic correspondence of relevant custodians – MEF has collected approximately 175 gigabytes of data that currently is being processed so MEF can commence a key-word search using the 36 key words Plaintiff's counsel provided on August 20;

and (iv) documents stored in MEF's shared network folder – MEF is collecting and reviewing these documents for responsiveness to the agreed upon scope of Plaintiff's requests.

        b. **Plaintiff's Second Set of Requests for Production of Documents**: Plaintiff served a Second Set of Requests for Production of Documents on July 24, 2013. MEF served responses thereto on August 23, 2013. These document requests also seek the ESI noted above; MEF is collecting and reviewing that data as noted.

        c. **Plaintiff's Notice of Deposition of MEF's 30(b)(6) Person(s) Most Knowledgeable**: On July 24, 2013, Plaintiff served a 30(b)(6) deposition notice to MEF seeking testimony on twelve topics, noticing the deposition for August 28, 2013. MEF served objections thereto on August 23, 2013. MEF designated three 30(b)(6) deponents. MEF informed Plaintiff that the depositions could not go forward due to the schedules of MEF's counsel and/or the deponents and that the depositions had to proceed in Phoenix, Arizona. After coordinating with the schedules of counsel and the deponents, the parties agreed to schedule these depositions to occur from September 25 through September 27 in Arizona.

        d. **Plaintiff's Subpoena to David Estep**: On August 1, 2013, Plaintiff issued a subpoena for documents and testimony from David Estep (the owner of the defaulting franchisee defendant). Plaintiff noticed Mr. Estep's deposition for August 21. MEF's counsel was unavailable for deposition on August 21, but the parties were able to reschedule his deposition to September 3. Mr. Estep produced documents in response to the subpoena, and MEF received those documents on August 27.

        e. **Plaintiff's Additional Discovery**: Plaintiff has indicated that she seeks to depose MEF's former General Counsel (whose departure in early August 2013 has made discovery coordination more difficult). That deposition is likely to proceed in October. Plaintiff is assessing the need for additional depositions and document discovery. This assessment has been delayed due to the delayed production of responsive documents from MEF.

6. **Status of MEF's Discovery.**  On August 19, MEF propounded its First Set of Requests for Production of Documents and First Set of Interrogatories to Plaintiff, the responses to which are currently due September 18.  MEF intends to depose Plaintiff on September 11, 2013, provided Plaintiff completes her document production by September 6, or the parties will agree on a subsequent mutually agreeable date. MEF may take the deposition of additional witnesses identified by Plaintiff as knowledgeable regarding her claims which depositions also will proceed in October.

7. **The Parties Need Additional Time to Complete Pre-Certification Discovery and to Prepare for the Class Certification Briefing.**  The current schedule requires all pre-certification discovery to be completed by September 30, 2013, and briefing on the class certification motion to commence on October 31, 2013.  The parties agree that, given the above-described status of discovery, additional time is necessary.  Overall, the scope of the ESI collection has proven more challenging than MEF previously anticipated, increasing the difficulty, time and cost in coordinating the ESI collection and review.  The parties did not resolve the issues relating to scope of the document requests and corresponding scope of the ESI collection until the August 20 teleconference.  MEF received the 36 proposed key words from Plaintiff's counsel on August 21.  MEF is processing its ESI (including but not limited to the 175 GB of .pst files) and running searches using the 36 search terms, but it will not be until August 30 when MEF believes it will be able to identify the number of documents located as a result of those searches.  Additionally, MEF retained a new General Counsel who started with the company on August 19, 2013.  Despite the difficulties it faced, MEF produced its "intranet" to Plaintiff on August 23, and is continuing as quickly as possible to search, review, and produce additional responsive documents.

Counsel have worked in good faith to schedule depositions at the earliest time available after the anticipated completion of the ESI production and have set MEF's 30(b)(6) deposition for September 25-27.  Additional depositions, including MEF's former General Counsel and

additional persons disclosed by Plaintiff, will not be scheduled until October. In addition, counsel for Plaintiff will be out of town on business from November 7-11 and then on vacation from November 17-30. Counsel for MEF will be out of the country from December 23, 2013 through January 10, 2014.

**8.** **Proposed Revised Schedule.** For the reasons set forth above, counsel have agreed to jointly propose a revised schedule that will accommodate the additional time needed in discovery and ensure counsel sufficient preparation time to brief the class certification motion. The parties propose the following schedule, which is also set forth in the attached proposed order:

> Last Day to Disclose Any Experts to be Used for Class Certification: November 15, 2013
>
> Moving Papers re Motion for Class Certification: due by December 13, 2013
>
> Opposition Papers re Motion for Class Certification:  due by January 24, 2014
>
> Reply Papers re Motion for Class Certification:  due by February 14, 2014
>
> Hearing:  To be scheduled at Court's convenience

///

///

///

9. For the foregoing reasons, the parties jointly request that the Court enter the proposed order attached hereto.

Respectfully submitted,

September 3, 2013                                    SACKS, RICKETTS & CASE LLP


                                                    /s/ *Luanne Sacks*_____
                                                    LUANNE SACKS
                                                    HOPE ANNE CASE

        ANDREW E. SAXON
        Attorneys for Defendant
        Massage Envy Franchising, LLC

September 3, 2013        DUCKWORTH PETERS
        LEBOWITZ OLIVIER LLP


        /s/ *Monique Olivier*_____
        MONIQUE OLIVIER
        Attorneys for Plaintiff and the
        Putative Class


September 3, 2013        LANDMAN & MAZZA LLP


        /s/ *Kathryn S. Landman*_____
        KATHRYN S. LANDMAN
        Attorneys for Plaintiff and the
        Putative Class

## **Attestation**

I, Luanne Sacks, am the ECF user whose ID and password is being used to file this Joint Status Report and [Proposed] Order.  In compliance with General Order 45, X, B, I hereby attest that Monique Olivier and Kathryn S. Landman, counsel for Plaintiff, have concurred with this filing.

00015561.DOCX - 5

**JOINT STATUS REPORT AND [PROPOSED] ORDER RE DISCOVERY AND SCHEDULE FOR MOTION FOR CLASS CERTIFICATION**

8

## [~~PROPOSED~~] ORDER

Based upon the Joint Status Report submitted by the parties, and good cause therein, IT IS HEREBY ORDERED THAT:

Last Day to Disclose Any Experts to be Used for Class Certification: November 15, 2013

Moving Papers re Motion for Class Certification: due by December 13, 2013

Opposition Papers re Motion for Class Certification:  due by January 24, 2014

Reply Papers re Motion for Class Certification:  due by February 14, 2014

Hearing:  March 5, 2014 at 1:00pm, Courtroom A - 15th Floor


IT IS SO ORDERED.


Dated: September 4, 2013



_____
HONORABLE
United States

JOINT STATUS REPORT AND [~~PROPOSED~~] ORDER RE DISCOVERY
AND SCHEDULE FOR MOTION FOR CLASS CERTIFICATION

00015561.DOCX - 5            9